THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IDA PAVLICHENKO,<br>    Plaintiff<br><br>V.<br><br>MICHAEL CHERTOFF, as Secretary of the<br>Department Homeland Security; EDUARDO<br>AGUIRRE, as Acting Director of the Bureau of<br>Citizenship & Immigration Services; DENNIS C.<br>RIORDAN, District Director of the Bureau of<br>Citizenship & Immigration Services for Boston,<br>Massachusetts<br>    Defendants | CIVIL ACTION FILE NO.<br><br>2005 – 10429 RGS |

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

NOW comes the plaintiff, Ida Pavlichenko, by and through the undersigned counsel, and hereby requests this Honorable Court to deny the defendants' motion to dismiss.

### Lack of Subject Matter Jurisdiction – Definition of "Examination"

The defendants' motion to dismiss is premised upon a theory that this court lacks the authority to hear this case because the 120-day period that the Department of Homeland Security has been granted to render a decision on the plaintiff's application for naturalization has not expired.

According to the government since 8 USC 1446(a) allows the Department of Homeland Security to conduct, at the Secretary's discretion, a personal investigation of an applicant, and because 8 USC 1446(b) provides department officials with the ability to "subpoena" documents and witnesses Congress intended the Examination period to be expanded virtually indefinitely.

The government also contends that when Congress enacted Public Law. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, a provision that obliges the Department of Homeland Security to obtain a notification from the FBI that a background investigation has been completed prior to adjudication of a naturalization application, that it was either extending the "examination" period as a matter of law "ad infinitum" or that it was eliminating the 120-day provision of 8 USC 1447(b).

Neither of these positions is supported by the statutes, the cases that have interpreted them, or the Congressional records that preceded them. In fact in the only appellate decision that has reviewed this provision the Court held that the district court had exclusive jurisdiction over naturalization applications because INS (USCIS) had failed to act within 120 days of the applicant's *first interview*. (See *United States v. Hovsepian*, 359 F3d 1144, 1151 (2004, CA9 Cal) emphasis added)

There have been several other courts that have followed the 9th Circuit's holding including the Eastern District of New York in *Zaranska v. United States Dep't of Homeland Security*, 2005 U.S. Dist. LEXIS 17559 (E.D.N.Y. July 18, 2005), a decision in which the Court noted that its analysis of 8 USC 1447(b) was aided by the unanimous en banc decision of the United States Court of Appeals for the Ninth Circuit. See *United States v. Hovsepian*, 359 F3d 1144 (2004, CA9 Cal) (en banc). The *Zaranska* Court stated that the Ninth Circuit in *Hovsepian* conducted a review of the text of section 1447(b), the context of statutory provisions, and the intent of Congress in enacting the statute when the court concluded that the statute grants exclusive jurisdiction in the federal courts in the situation that the USCIS did not decide a naturalization application 120 days after the agency examined the applicant, and the applicant thereafter applied to federal court for a hearing. (See *Zaranska v. United States Dep't of Homeland Security*, 2005 U.S. Dist. LEXIS 17559 (E.D.N.Y. July 18, 2005) quoting *United States v. Hovsepian*, 359 F.3d at 1159-64.)

The notion that the statute defines an "examination" as an elusive period of time in which the Department of Homeland Security may conduct intergovernmental investigations is

contrary to the clear language used in the statute. Had Congress intended to modify the provisions of 8 USC 1447 to enlarge the running of the 120-day period they would have done so through an amendment.

### Remand to the USCIS

The court should also note that in this particular case the extensive delay by the government has been unwarranted under any circumstances.

According to testimony presented to Congress the time period necessary to perform "Background checks" for the purpose of immigration related issues is relatively small.

According to the former FBI Acting Assistant Director's testimony before Congress, 86 to 92% of the name-check requests are completed in 30 days and 98-99% of the requests are resolved in 120 days. (See *The FBI's VISA Name Check Process*, Testimony of Robert J. Garrity, Jr., Acting Assistant Director, Records Management Division, FBI Before the House of Representatives, Committee on Government Reform (July 10, 2003))

Furthermore a report that was presented to Congress in 2004 noted that when a person applies for a visa at a U.S. consulate, a fingerprint scan is taken of his right and left index fingers. These prints are then transmitted from the overseas post through servers[1] at State to DHS's IDENT system, which searches its records and sends a response back through State to the post.[2] According to the Department of State data, the entire process generally takes about 30 minutes and if the computer cannot make an initial determination then the matter is referred to DHS fingerprint experts, who have up to 24 hours to return a response to State. (See GAO-04-1080T *'Border Security: Joint, Coordinated Actions by*

---

[1] A server is a computer on a network that manages network resources, such as storing files, managing printers, managing network traffic, or processing database queries. (See GAO-04-1080T 'Border Security: Joint, Coordinated Actions by State and DHS Needed to Guide Biometric Visas and Related Programs' (September 09, 2004))

[2] In a hit record, information is included on the person's previous entry in the system, either at a port of entry or U.S. consulate, or through the watch list. (See GAO-04-1080T 'Border Security: Joint, Coordinated Actions by State and DHS Needed to Guide Biometric Visas and Related Programs' (September 09, 2004))

*State and DHS Needed to Guide Biometric Visas and Related Programs'* (September 09, 2004))

Any indication that the government needs almost two years to assess the security risks of Ms. Pavlichenko is dubious and should require that this court maintain jurisdiction of this case to verify the veracity of such a contention.

This matter should not be remanded to the USCIS for further proceedings. The USCIS has had ample time to render its decision and has failed to do so despite the plaintiff's consistent and tireless efforts, including the preparation and filing of two applications for naturalization and the attendance at two naturalization examinations (December 12, 2002 and September 4, 2004, See Plaintiff's Complaint para. 9 & 12).

The affidavit submitted by the defendants' in support of their motion does not indicate that the "examination" period has been continuing because they have been performing exhaustive investigations. The affidavit merely states that because such a long time has lapsed during the pendency of her petition that the plaintiff's fingerprints are not "current". (See Affidavit of Denis Riordan, para. 6) The affidavit notes that USCIS "procedures" require after 15 months that the fingerprints be taken again.

This is not a case in which a USCIS policy should allow the continued delay of the adjudication of the plaintiff's application for naturalization. Ms. Pavlichenko is 74 years old and has been attempting to have her application decided since she filed her initial application in 2002 and therefore an order to remand to the USCIS for further adjudication is inappropriate under the circumstances.

## Conclusion

WHEREFORE the plaintiff requests that this Honorable Court deny the defendants' motion to dismiss and proceed with a hearing to determine whether the plaintiff may be naturalized as a citizen of the United States.

The Plaintiff,
By her Attorneys,

_____
Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile (617) 523-6324
dfitzgerald@fitzgeraldlawcompany.com
Bar No. 461613

## CERTIFICATE OF SERVICE

I, Desmond P. FitzGerald, do hereby certify that I have served a true and accurate copy of the forgoing, Opposition to Defendant's Motion to Dismiss, by mailing a copy thereof to Mr. Christopher R. Donato, Assistant United States Attorney, 1 Courthouse Way, Room 9200 Boston, MA 02210, this 7th day of September, 2005.

Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone 617.523.6320
Facsimile  617.523.6324
dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881